IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARL E. HAESE,

      Appellant,

v.                                            No. 07cv0088 MV/RHS

PHILIP J. MONTOYA,

      Appellee.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Appellant's Notice of Appeal (Doc. No. 1, filed January 24, 2007). Appellant, *pro se*, appeals the Bankruptcy Court's denial of his motion to set aside a default judgment. The Court, having reviewed the briefs of the parties and the record on appeal, will **AFFIRM** the Bankruptcy Court's denial of Appellant's motion to set aside the default judgment.

**Procedural Background**

On November 5, 2004, Wolfgang and Frederika Haese ("Debtors") filed for voluntary bankruptcy. (Appellant's Opening Brief at 6, Doc. No. 4, filed February 22, 2007). Debtors are Appellant's parents. (Record on Appeal ("R.") No. 14, Amended Statement of Financial Affairs at § 10). Before filing for bankruptcy, Debtors transferred nine acres of their property and all attached buildings to Appellant. (*Id.*).

On February 15, 2005, Appellee filed a Complaint seeking, among other things, (1) a declaration that the property transfer is void and that the property is the property of the Estate, (2) an order avoiding the transfer of the property to Appellant, and (3) an order adjudicating the property to be the property of the estate. (R. No. 1). Appellee served the Complaint on Appellant

via First Class Mail at 7535 El Centro, Las Cruces, NM 88012 on February 22, 2005. (R. No. 3). On April 20, 2005, Appellee filed a motion for default judgment against Appellant on the grounds that Appellant did not enter an appearance or file an answer or other responsive pleading by the March 21, 2005 deadline for filing a response. (R. No. 4). On April 25, 2005, the Bankruptcy Court entered default judgment against Appellant. (R. No. 6).

Appellant filed a motion to set aside the default judgment, along with a memorandum in support, on December 20, 2006, on the ground that service of process was insufficient, that the Bankruptcy Court, therefore, did not have personal jurisdiction over Appellant, and that the judgment, consequently, is void. (R. Nos. 12-13).

On January 8, 2007, the Bankruptcy Court held a hearing on Appellant's motion to set aside the default judgment. (R. No. 40 ("Transcript")). After giving the parties an opportunity to be heard, the Bankruptcy Court stated it would look at all the pleadings in the case and took the matter under advisement. (Transcript at 10; R. 22). On January 10, 2007, the Bankruptcy Court entered its order denying Appellant's motion to set aside default judgment. (R. No. 23 ("Order")). Appellant then appealed from the Bankruptcy Court's denial of his motion to set aside the default judgment. (Doc. No. 1, filed January 24, 2007).

**Standard of Review**

On an appeal from a bankruptcy court's decision, the district court may affirm, modify, or reverse a bankruptcy judge's order or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013.

In reviewing a bankruptcy court decision, the district court reviews the bankruptcy court's legal determinations *de novo* and its factual findings for clear error. *In re Hodes*, 402 F.3d 1005,

2

Case 05-01032-m   Doc 43   Filed 03/14/08   Entered 04/17/08 14:31:43 Page 2 of 10

1008 (10th Cir. 2005). The bankruptcy court's findings of fact will be rejected only if clearly erroneous:

> If the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Thus, the factual findings need not be correct . . . but we must uphold them if they fall within the range of permissible conclusions.

*In re Blinder, Robinson & Co.*, 124 F.3d 1238, 1241 (10th Cir. 1997) (citations omitted); Fed. R. Bankr. P. 8013 (On appeal to the district court, the Bankruptcy Court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

**Appellant's Issues on Appeal**

Appellant lists twenty-nine unnumbered issues on appeal in his Opening Brief. (Doc. No. 4, filed February 22, 2007).

The first seven issues relate to Appellee's failure to file a response to Appellant's motion to set aside the default judgment, Appellant's opportunity to reply at the hearing, and the Bankruptcy Judge's alleged bias against Appellant. (Opening Brief at 1-2). Appellant argues that he was "foreclosed from his due process right to reply" because Appellee did not file a response to Appellant's motion to set aside the default judgment prior to the hearing and because the Bankruptcy Judge presented Appellee's case for the first time in the order denying the motion to set aside the default judgment. (Appellant's Opening Brief at 10-12). Appellant also contends that the Bankruptcy Judge was biased against Appellant because the Bankruptcy Judge presented Appellee's

3

case. (*Id.*). The Court disagrees.

The Court reviewed the ten-page transcript of the hearing and the Bankruptcy Court's order denying Appellant's motion to set aside the default judgment. After Appellee made his argument at the hearing, the Bankruptcy Judge asked Appellant "Do you wish to respond?" (Transcript at 10). Appellant answered "No, your Honor." (*Id.*). Again, immediately before recessing, the Bankruptcy Judge asked "Anything else?" to which Appellant answered "No, your Honor." (*Id.*). At the end of the hearing, the Bankruptcy Judge stated he would look at all the pleadings in the case before ruling. In his order, the Bankruptcy Judge summarized Appellant's argument to set aside the default judgment, cited the relevant law, and stated his findings and ruling on the motion. At no point in the short hearing or in his order denying Appellant's motion did the Bankruptcy Judge "present" Appellee's case. Nothing in the record on appeal suggests that the Bankruptcy Judge was biased against Appellant.

The eighth through thirteenth issues on appeal relate to the Bankruptcy Court's findings of fact regarding the Debtors' statements regarding Appellant's address and Appellant's receipt of a complaint in another case at that address. (Appellant's Opening Brief at 2). These issues pertain to the issue of whether the Bankruptcy Court's finding that service was sufficient is clearly erroneous, which is addressed in the following section of this Memorandum Opinion and Order.

The fourteenth through eighteenth issues relate to the Bankruptcy Court's finding that Appellant failed to present a meritorious defense. (Appellant's Opening Brief at 2-3). After concluding that service on Appellant was sufficient, the Bankruptcy Court noted that Appellant's motion did not raise any defense to the substantive claims raised in the adversary proceeding. (Order at 5). The Bankruptcy Court did not make any legal determination based on Appellant's

failure to present a meritorious defense and, in fact, noted that a motion to set aside a judgment under Rule 60(b)(4) based on voidness does not require the movant to show a meritorious defense. (*Id.*).

The eighteenth through twenty-second issues relate to the Bankruptcy Court's alleged *sua sponte* ruling on Appellant's motion to dismiss. (Appellant's Opening Brief at 3). Appellant had filed a motion to dismiss on the same day he filed his motion to set aside the default judgment. (*See* Bankruptcy Court Docket attached to Clerk's Certificate of Transmission of Record on Appeal and Index to Record on Appeal, Doc. No. 6, filed March 16, 2007). Appellant suggests that the Bankruptcy Court's finding that he failed to present a meritorious defense constitutes a *sua sponte* ruling on his motion to dismiss. The Bankruptcy Court did not rule on Appellant's motion to dismiss. Appellant appeals from the Bankruptcy Court's denial of his motion to set aside the default judgment. The Court, therefore, will not address issues regarding Appellant's motion to dismiss.

The twenty-third and twenty-fourth issues refer to an evidentiary hearing that Appellant alleges he did not receive notice of and in which he was not allowed to participate. (Appellant's Opening Brief at 3). Context suggests that these two issues relate to the Bankruptcy Court's alleged denial of a hearing on Appellant's motion to dismiss. If so, then the Court will not address these issues because they are not relevant to the appeal of the denial of the motion to set aside the default judgment. If these two issues refer to another hearing, Appellant does not identify the date or subject of the hearing, nor does he discuss the hearing in his argument. Consequently, the Court cannot address these two issues.

The twenty-fifth through twenty-ninth issues relate to the sufficiency of service, which is the main issue on appeal and is discussed in the following section.

**Sufficiency of Service**

Fed. R. Bankr. P. 7004(b)(1) permits service of process by first class mail to an individual's "dwelling house or usual place of abode or to the place where the individual regullarly conducts a business or profession." "The use of the abbreviated procedure of service by mail in bankruptcy proceedings requires a higher standard of care when serving a party defendant . . . which requires that service by mail be made using the correct address for the party defendant." *In re Sheppard*, 173 B.R. 799805 (Bkrtcy. N.D.Ga. 1994). Service by mail is complete upon mailing. Fed. R. Bankr. P. 5(b) and Fed. R. Civ. P. 5(b).

Appellant's motion to set aside the default judgment argued that service of process was insufficient, that the Bankruptcy Court, therefore, did not have personal jurisdiction over Appellant, and that the judgment, consequently, is void. (R. Nos. 12-13). Appellee served the Complaint on Appellant via First Class Mail at 7535 El Centro, Las Cruces, NM 88012 on February 22, 2005. (R. No. 3). Appellant argued that service was insufficient because he did not reside at 7535 El Centro. (R. No. 13 at 25). Appellant stated that he owned the house at 7535 El Centro when service was allegedly made there. (*Id.*). Appellant also stated that he had resided at 7535 El Centro, but moved to another residence approximately six months before service was purportedly attempted at 7535 El Centro. (*Id.*). In support of his motion, Appellant filed his Declaration stating that his usual place of abode beginning August 11, 2004, was at another address, not 7535 El Centro. (R. No. 14). He attached copies of his drivers license and drivers license records as exhibits. (*Id.*). Appellant also filed declarations by the Debtors, his parents, who lived next door to 7535 El Centro. (R. Nos. 16-17). Both Debtors declared that they told their attorneys that Appellant did not reside at 7535 El Centro and that "No one was living at the house at 7535 El Centro Blvd., Las Cruces, NM, on or

6

about February 22, 2005. I know this because I lived next door, at that time." (*Id.*).

In its order denying Appellant's motion to set aside the default judgment, the Bankruptcy Court stated:

> Based on the facts in the record of this proceeding, the bankruptcy proceeding of [Debtors], and a related adversary proceeding, the Court finds that [Appellant's] argument that service of the Summons and Complaint in this adversary proceeding was insufficient fails.

(Order at 3). The Bankruptcy Court stated that service of process on Appellant is governed by Fed. R. Bankr. P. 7004(b)(1) and quoted the rule which which permits service by "mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." (*Id.*). The Bankruptcy Court then made the following findings:

> In this case, Plaintiff sent Defendant a copy of the Summons and Complaint by first class mail to 7535 El Centro Blvd. This is the address for [Appellant] listed by [Appellant's] parents in their Amended Statement of Financial Affairs statements, which were signed under penalty of perjury. (*See* Docket # 14, Case No. 04-18107 ML, filed 1/21/05). Service occurred within thirty-two days after the date of filing of the Amended Statement of Financial Affairs which identified [Appellant's] address. The property located at 7535 El Centro is next door to the residence of [Appellant's parents]. [Appellant's parents] were served with a copy of the Summons and Complaint in this same adversary proceeding at their residence located at 7545 El Centro. (*See* Docket # 3; Certificate of Service). [Appellant] is clearly identified in the Complaint as a Defendant. The Summons and Complaint mailed to [Appellant] in this adversary proceeding at the address located at 7535 El Centro Blvd. was not returned to Plaintiff as undeliverable. In [another adversary proceeding], [Appellant] was served with a copy of the Summons and Complaint at 7535 El Centro Blvd. in November of 2006. [Appellant] timely filed an answer to the Complaint in [this other adversary proceeding]. Under these circumstances, the Court finds the declarations of [Appellant's parents] and [Appellant's] assertion that he was completely unaware of this adversary proceeding until November of 2006 lack credibility.

(Order at 3-4).

Implicit in the Bankruptcy Court's order denying Appellant's motion to set aside the default judgment is the Bankruptcy Court's resolution of credibility issues against Appellant. *See* Fed. R. Bankr. P. 7052 and Fed. R. Civ. P. 52 ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion."); *United States v. Toro-Pelaez*, 107 F.3d 819, 824-25 (10th Cir. 1997) (affording deference to a district court's implicit findings of fact supporting the denial of a motion to suppress); *Clarkson v. Cooke Sales and Service Co.*, 767 F.2d 417, 419 (8th Cir. 1985) (Where trial court does not "enunciate factual findings as such," it will be reviewed on appeal as if it had, as long as its decision is "based on explicit determinations."). There is adequate evidence to support the Bankruptcy Court's implicit finding that Appellee served Appellant via first class mail at his "dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." Immediately after quoting the Bankruptcy Rule allowing for service by first class mail at a "dwelling house or usual place of abode," the Bankruptcy Court found that Appellee mailed the Summons and Complaint to Appellant at 7535 El Centro, which Appellant's parents, who lived next door to 7535 El Centro, listed as Appellant's address in their Amended Statement of Financial Affairs statements, which were signed under penalty of perjury. The Bankruptcy Court also found that Service occurred within thirty-two days after the date of filing of the Amended Statement of Financial Affairs. In addition, the Bankruptcy Court found that the declarations of Appellant's parents, in which they state that no one was living at 7535 El Centro, lacked credibility. Furthermore, the Bankruptcy Court found that Appellant's assertion that he was completely unaware of the adversary proceeding until November 0f 2006 also lacked credibility.

Appellant's assertion that he moved from 7535 El Centro to another address before Appellee mailed the summons and complaint to 7535 El Centro has not persuaded this Court that the Bankruptcy Court's finding of sufficient service is clearly erroneous. While a former residence is inadequate for purposes of effecting service, a "defendant may have multiple dwelling houses for purposes of effecting service of process [and a] person need not live at one place continuously for it to be considered a dwelling or usual place of abode for purposes of effecting service." 1 Moore's Federal Practice § 4.92[1] (2007); *see also National Development Co. v. Triad Holding Corp.*, 930 F.2d 253, (2d Cir. 1991) ("in a highly mobile and affluent society, it is unrealistic to interpret Rule 4(d)(1) so that the person to be served has only one dwelling house or usual place of abode at which process may be left."). After a thorough review of the record on appeal, the Court does not harbor the definite and firm conviction that the Bankruptcy Court made a mistake in its implicit finding that Appellant's dwelling place or usual place of abode was at 7535 El Centro.

The Court concludes that service of the summons and complaint by first class mail to 7535 El Centro conferred bankruptcy court jurisdiction over Appellant. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). The default judgment entered against Appellant, consequently, is not void for lack of personal jurisdiction. The Court, therefore, affirms the Bankruptcy Court's order denying Appellant's motion to set aside the default judgment.

9

**IT IS SO ORDERED.**

Dated this 12th day of March, 2008.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Appellant*:

Carl E. Haese, *Pro se*
2234 Los Misioneros
Las Cruces, NM 88011

*Attorneys for Appellee*:

George M. Moore
Bonnie B. Gandarilla
P.O. Box 216
Albuquerque, NM 87103